USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH ROBB,

                                   Plaintiff,

   -against-

JOSEPH BREWSTER, CITY OF POUGHKEEPSIE
POLICE DEPARTMENT and CITY OF
POUGHKEEPSIE,

                                   Defendants.

No. 22-cv-4301 (NSR)

**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Joseph Robb ("Plaintiff") brings this action under 42 U.S.C. § 1983, alleging that (1) Defendant Joseph Brewster, a City of Poughkeepsie police officer (hereinafter "Brewster"), used excessive force against Plaintiff by beating him in the head multiple times with a club, causing serious and permanent injuries; and (2) Defendants City of Poughkeepsie Police Department and City of Poughkeepsie negligently hired Brewster and condoned a policy of excessive force in violation of federal law. (*See generally* Complaint ("Compl."), ECF No. 1-1.) The Complaint also alleges false arrest, illegal detention, and illegal search and seizure arising from the same incident. (*Id.* at ¶ 12.) Presently before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

    The Complaint here is nearly identical to a previous complaint filed in this Court by the same plaintiff against the same defendants alleging the same claims related to the same incident. As such, the Court assumes the parties' familiarity with the factual background:

> On or about September 20 or 21, 2015, Plaintiff was present near 332 Main Street in Poughkeepsie, New York. Defendant Brewster was also present at the scene.

1

> Plaintiff was "in the process of throwing Leroy Johnson's jacket into the dumpster." Defendant Brewster, apparently to stop Plaintiff from disposing the jacket, said to Plaintiff: "Don't." Plaintiff avers because he was "already in motion," he was unable to stop throwing the jacket as ordered by Brewster, and the jacket fell into the dumpster. An unnamed third party, identified by Plaintiff in the complaint as "the drug dealer, Leroy Johnson's friend" said simultaneously to Plaintiff: "Don't do that[.] [Brewster]'s going to get you. You pissed him off."
>
> Brewster said to Plaintiff: "Get the jacket out of the dumpster." Brewster then reached for his Taser. Plaintiff put his hands in the air and said: "Please don't." Plaintiff alleges that, without "any provocation or threat," Brewster shot Plaintiff with the Taser and hit Plaintiff over the head with a "Billy club" three to four times, "split[ting] Plaintiff [ ]'s head open in 2 different spots." Plaintiff further alleges that Brewster "threw [Plaintiff] to the ground, handcuffed him and through [sic] him to the ground." After the alleged series of actions, Brewster got an ambulance "because Plaintiff was bleeding," put Plaintiff on a stretcher, and travelled with the ambulance to the hospital. Plaintiff was handcuffed to the bed; his head was stapled. Plaintiff recalled that "[h]e lost consciousness and regained consciousness in Poughkeepsie City Jail."

*Robb v. Brewster*, No. 20-CV-10521 (NSR), 2022 WL 1137140, at *1 (S.D.N.Y. Apr. 18, 2022) (hereinafter, "*Brewster I*") (internal citations omitted). *Compare* ECF No. 1-1 at ¶ 15 *with* Complaint at ¶ 11, *Brewster I*, No. 20-CV-10521 (S.D.N.Y. Dec. 12, 2020) (alleging an identical core set of operative facts).

In an Opinion & Order dated April 18, 2022, this Court dismissed without prejudice those claims asserted against Brewster and the City of Poughkeepsie and granted Plaintiff leave to amend by May 18, 2022. *Brewster I*, 2022 WL 1137140, at *8. In addition, the Court dismissed with prejudice all claims asserted against the City of Poughkeepsie. *Id.* The Court reasoned that (1) the action was time-barred by New York's three-year statute of limitations, *see id.* at *6; (2) the City of Poughkeepsie Police Department is a department of the City of Poughkeepsie and thus not amenable to suit, *see id.* at *7; and (3) the complaint was void of non-conclusory allegations to suggest the City of Poughkeepsie was the "moving force" behind the alleged injuries, *see id.* (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)). The Court warned that failure to timely amend would result in the Court dismissing with prejudice those claims previously dismissed without prejudice. *Id.* at *8.

2

Instead of amending his complaint in *Brewster I*, on May 6, 2022, Plaintiff initiated a new action in state court, alleging the same claims against the same defendants arising from the same incident. (ECF No. 1-1.) Plaintiff's allegations differ from those alleged in *Brewster I* in one material respect: Plaintiff alleges that from the time of the incident in September 2015 through the present he was "disabled" due to Plaintiff "being insane" and "unable to function in society." (Compl. at ¶ 9.) Plaintiff further alleges he has "been in the mental health system for years," since approximately age nineteen, and he was "unable to protect his legal rights." (*Id.*)

Defendants removed Plaintiff's new action to this Court on May 25, 2022. (ECF No. 1.) That action is the one presently before the Court. Because Plaintiff failed to amend his complaint in *Brewster I*, the Court dismissed with prejudice those claims previously dismissed without prejudice. Order of Dismissal, *Brewster I*, No. 20-CV-10521 (S.D.N.Y. Nov. 29, 2022). Plaintiff's appeal in *Brewster I* is pending before the Second Circuit. Notice of Appeal, *Brewster I*, No. 20-CV-10521 (S.D.N.Y. Jan. 26, 2023).

## LEGAL STANDARDS

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In applying these principles, the Court may consider facts alleged in the complaint and documents

3

attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

## DISCUSSION

### I. Res Judicata

At the outset, Rule 12(b)(6) warrants dismissal of a claim under the doctrine of res judicata where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). The doctrine of res judicata bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). Moreover, "res judicata and collateral estoppel apply once final judgment is entered in a case, even while an appeal from that judgment is pending." *Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) (citing *Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir. 1988)). Although Defendants do not raise the issue of res judicata in their motion to dismiss, this Court may nonetheless assess *sua sponte* whether Plaintiff's claims are barred. *See, e.g., Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 n.4 (2d Cir. 2003) ("[A] court is free to raise [a res judicata] defense *sua sponte*, even if the parties have seemingly waived it."). When "considering the preclusive effects of res judicata" in a case before a federal court on the basis of a federal question, that court "applies federal common law." *Dash v. Bank of Am. Corp.*, No. 18-CV-4807 (RWL), 2019 WL 1780140, at *7 n.12 (S.D.N.Y. Apr. 23, 2019) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("For judgments in federal-question cases . . . federal courts

participate in developing uniform federal rules of res judicata, which this Court has ultimate authority to determine and declare.") (internal quotations and alterations omitted)).  It is well settled that a dismissal with prejudice "constitutes a final judgment with the preclusive effect of res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 815 (2d Cir. 2022); *see, e.g.,* 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4439 (3d ed. April 2023 Update) (hereinafter, "Wright & Miller") ("The easiest case for preclusion has occurred when a second action is brought on the very same complaint as was found insufficient in the first action."); *id.* at § 4441 ("Several federal decisions follow the clearly correct rule that dismissal of a prior action as barred by the statute of limitations precludes a second action on the same claim in the same system of courts."); *see also* 50 C.J.S. Judgments § 945 (April 2023 Update) ("A dismissal with leave to amend and refile is not a dismissal on the merits nor with prejudice for purposes of res judicata, but the plaintiff's election not to plead further after a dismissal without prejudice renders the dismissal an adjudication on the merits and precludes relitigation of the dismissed claim.").

It is clear to this Court that Plaintiff has already brought the exact claims against Defendants in the instant action as those brought in *Brewster I*.  This is precisely what the doctrine of res judicata bars: relitigating claims that were raised in an action that has already been adjudicated.  *See Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997).  The instant action involves the same "nucleus of operative fact" as in the prior suit.  *See id.*  Both actions involve Brewster's alleged use of excessive force against Plaintiff in September 2015. Plaintiff's new allegations related to incapacity are an attempt to toll the statute of limitations, but regardless, "[p]reclusion applies even though the plaintiff may seek to advance new arguments for

5

avoiding the statute." Wright & Miller, *supra* at § 4441. Because Plaintiff is bringing the same claims against Defendants that were already adjudicated upon and dismissed with prejudice by this Court in *Brewster I*, all claims against Defendants are barred by res judicata and are dismissed with prejudice.[1]

## II. Statute of Limitations

Out of an abundance of caution, this Court notes an independent basis for dismissal. The alleged incident giving rise to this action took place on or about September 20 or 21, 2015. It is well settled in the Second Circuit that the three-year statute of limitations for personal injury claims found in § 214(5) of the New York Civil Practice Law and Rules (hereinafter, "C.P.L.R.") applies to § 1983 actions such as the instant one. *See, e.g., Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004). It is thus apparent that the Complaint has been time-barred since September 2018, nearly four years before Plaintiff's attempt to commence this action.

The Complaint, however, references C.P.L.R. § 208, which affords equitable tolling of the statute of limitations for a plaintiff who "is under a disability because of infancy or insanity at the time the cause of action accrues." *Mandarino v. Mandarino*, 408 F. App'x 428, 431 (2d Cir. 2011) (summary order) (quoting C.P.L.R. § 208); *McCarthy v. Volkswagen of America. Inc.*, 55 N.Y.2d 543, 548 (1982) (explaining that § 208 is to be "narrowly interpreted"). Plaintiff bears the burden of proof on whether the limitations period ought be tolled, and as such, a plaintiff "must set forth sufficient basis for a court to infer that [their] mental condition affects [their] capacity to function in society generally or prevents plaintiff's pursuit of [their] legal rights." *Tulczynska v. Queens*

---

[1] Although Plaintiff now alleges Brewster's use of force coincided with claims for false arrest, illegal detention, and illegal search and seizure, these additional allegations arise out of the same "nucleus of operative fact" as in the prior suit, *see Interoceanica*, 107 F.3d at 90. Put differently, these alleged violations are related to the same September 2015 interaction between Plaintiff and Brewster giving rise to Plaintiff's claim of excessive force.

*Hosp. Ctr.*, No. 17-CV-1669 (VSB), 2020 WL 2836759, at *5 (S.D.N.Y. June 1, 2020) (collecting cases). In other words, a plaintiff must "allege in any of [their] submissions specific facts suggesting that [they were] unable to 'function in society.'" *Id.* (quoting *Mandarino*, 408 F. App'x at 431). Conclusory allegations are insufficient: it is not enough to "simply state[]" that one is "unable to protect [their] legal rights because of an overall acute 'inability to function in society.'" *Mitchell v. City of New York*, No. 17-CV-6258 (CM), 2018 WL 10049545, at *2 (S.D.N.Y. Apr. 9, 2018); *see Luciano v. City of New York*, 684 F. Supp. 2d 417, 421 (S.D.N.Y. 2010) (rejecting claim for tolling under § 208 where, "although plaintiff states that he was unable to function, he alleges no particulars in support of this conclusion").

Here, Plaintiff merely recites conclusions, alleging that he was "disabled" and "unable to protect his legal rights" due to "being insane" and "unable to function in society." (Compl. at ¶ 9.) To the extent he does allege facts—such as the fact that he has "been in the mental health system for years," since approximately age nineteen (*id.*)—he does not demonstrate "how [his] cognitive capacity has been affected, when it became affected, or how th[o]se issues prevented [his] understanding of the law or otherwise impaired [his] ability to comply with the statute of limitations." *Tulczynska*, 2020 WL 2836759, at *5. Moreover, Plaintiff's allegation that from the date of the incident in September 2015 to present "Plaintiff was disabled" and "unable to function in society" is belied by Plaintiff's competence to accept a guilty plea in January 2016 and Plaintiff's ability to remember details relating to his release in May 2016. (*Compare* Compl. at ¶ 9 *with, e.g.,* ECF No. 19-2 at ¶¶ 3–4 (Plaintiff's motion to set aside plea and sentence in underlying criminal case.[2]) In addition, Plaintiff "provided no facts explaining why and when [he] eventually

---

[2] The Court may consider documents subject to judicial notice, such as public records. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *see also Awelewa v. New York City*, No. 11 CIV. 778, 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) ("Judicial notice may be taken of

7

became able to protect [his] rights by retaining counsel, communicating to counsel in detail the relevant facts as [he] recalled them, and ultimately filed this lawsuit," or the lawsuit, *Brewster I*, filed in 2020 and thereafter prosecuted by Plaintiff. *Id.* at \*6 (citing *Brown v. Greene*, No. 11 CIV. 4917 BMC, 2012 WL 911560, at \*3 (E.D.N.Y. Mar. 16, 2012) ("[P]laintiff must have suffered from insanity continuously during the period he seeks to toll, and must not have experienced a lucid interval of significant duration during this time")). Accordingly, Plaintiff's claim for equitable tolling is denied and the action is barred by the statute of limitations.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. All of Plaintiff's claims are dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 18 and to close the case.

Because Plaintiff's counsel did not file a notice of appearance, Defendants' counsel is directed to mail a copy of this Opinion & Order to Plaintiff's counsel and file proof of service on the docket.

Dated:  May 12, 2023                                      SO ORDERED:
        White Plains, New York

                                                  NELSON S. ROMÁN
                                                  United States District Judge

---

public records, including 'arrest reports, criminal complaints, indictments, and criminal disposition data.'"); *Blount v. Moccia*, No. 1:16-CV-4505-GHW, 2017 WL 5634680, at \*2 n.5 (S.D.N.Y. Nov. 21, 2017) (taking judicial notice of grand jury indictment and collecting cases); *Colliton v. Bunt*, No. 15-CV-6580 (CS), 2016 WL 7443171, at \*5 (S.D.N.Y. Dec. 27, 2016), *aff'd*, 709 F. App'x 82 (2d Cir. 2018) (taking judicial notice of transcript of guilty plea and sentencing).